UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARK L. GRIGGS AND
JOHN J. FORD ,

                         Plaintiff,

                                              **MEMORANDUM AND ORDER**

        -against                                   CV-13-3885(JFB) (AYS)

STEVEN WEINER and STUART
WERTZBERGER
                     Defendants,

-----------------------------------------------------------------X

**ANNE Y. SHIELDS, United States Magistrate Judge:**

      This is an action for a declaratory judgment and permanent injunction to stop a pending arbitration that was commenced against Plaintiffs Mark L. Griggs ("Griggs") and John J. Ford ("Ford"). Griggs and Ford claim that Defendants Steven Weiner ("Weiner") and Stuart Wertzberger ("Wertzberger") have improperly commenced an arbitration proceeding in California against Griggs and Ford. Griggs and Ford object to the arbitration on the ground that neither are party to any agreements under which Defendants seek arbitration. The underlying arbitration arises out of an investment opportunity in Mexican gaming facilities during 2006-2009, that never came to fruition. Neither Griggs nor Ford are individual parties to the underlying agreements. Ford signed the agreements only as a corporate officer, and Griggs never signed any agreement to arbitrate. Weiner and Wertzberger state that they are pursuing the individual Plaintiffs and seek their participation in arbitration under a corporate veil-piercing theory.

      After the Honorable Joseph F. Bianco granted a preliminary injunction staying the

1

arbitration, the parties began to engage in discovery. Between January and March of 2014 the parties filed several motions regarding discovery. The then-assigned Magistrate Judge decided several of those motions and the matter was then reassigned to this court. Additional discovery motion practice followed. After recent depositions, Weiner and Wertzberger requested discovery of Griggs's medical records, based upon Griggs's testimony. For the reasons set forth below, this Court hereby denies Weiner and Wertzberger's request.

I. Procedural History

In August 2009, Weiner, Wertzberger and Howard Rubinsky ("Rubinsky") and Corporate Financial Ventures, LLC commenced an action in this Court against Markham Group LLC and Griggs bearing docket number 09-CV-3521 (ADS) (ETB). In that case, defendants moved to and were granted dismissal on the basis the Weiner and Wertzberger did not have a contract or agreement that satisfied the statute of frauds. See 09-CV-3521 (ADS) (ETB) at Docket Entry ("DE") [45].

Thereafter, on December 12, 2012, the American Arbitration Association ("AAA") received a demand for arbitration by Weiner against Ford, which he thereafter amended with contracts on December 21, 2012. DE [1] at ¶¶1-4. On July 12, 2013, Griggs and Ford filed this action seeking declaratory judgment and a permanent injunction to stop the pending arbitration. DE [1] at ¶1. Griggs and Ford reasoned that neither was personally a party to the operating agreements (Canto and Callide) that Weiner and Wertzberger sought to arbitrate under. DE [1] at ¶¶16 -24.

On the same day as they filed the complaint in this matter, Griggs and Ford filed an order to show cause seeking a preliminary injunction staying the California arbitration pending resolution of this action. DE [4]-[8]. On September 13, 2013, Weiner and Wertzbeger filed a

cross-motion to dismiss the complaint on the basis that venue was not proper in the Eastern District of New York. DE [19]. On November 21, 2013, after hearing oral argument, Judge Bianco granted Plaintiff's motion for a preliminary injunction, and Denied defendants' motion to dismiss. DE [28] – [29]. In his opinion, Judge Bianco concluded that the parties needed to engage in discovery before any consideration of a permanent injunction. DE [29]. Various discovery disputes were briefed and Magistrate Judge Brown issued orders resolving those disputes. See Electronic orders of March 17, 2014 and of August 18, 2014; DE [49] (District Court affirmance of August 18, 2014 discovery ruling of Magistrate Brown).

Most recently, in May 2015, after the matter was transferred to this Court, cross-motions were filed arising out of various discovery disputes. The matters were fully briefed and a hearing was set for October 6, 2015. See Electronic order of August 27, 2015. After extensive oral argument, this Court ruled on all of the motions on the record. See DE [87] (Minute Entry of Proceedings). While the court disposed of all other discovery matters, leave was granted for the parties to further brief the issue of Weiner and Wertzberger's request for authorization to obtain Griggs' medical records pertaining to any treatment he sought for mental distress as a result of alleged threats made by Weiner. DE [87]. Griggs objected to the production of these records on the grounds of: (1) lack of relevance as to the ultimate issue of arbitration, and (2) that Griggs had not waived the privilege. See DE [67] and transcript of proceedings DE [87]. On October 16, 2015, both parties submitted additional support for their respective positions. See DE [88] and [89].

II. The Parties' Positions

Weiner and Wertzberger seek authorization to obtain Griggs's medical records relating to any treatment he received as a result of alleged threats made by Weiner to Griggs. DE [88]. In

support of their request for the medical records, Weiner and Wertzberger rely on certain statements made by Griggs at his deposition. Specifically, it is noted when asked about certain statements made in e-mails relevant to the failed gaming transactions, Griggs stated that such statements were untrue, and made only as a result of severe mental distress. Such distress was attributed to alleged threats made by Weiner. DE [88]. Weiner and Wertzberger believe that Griggs' statements as to the veracity of his e-mails and the reasons why such statements were made, bear on the ultimate issue of whether Defendants can pierce the corporate veil, which will allow them to pursue arbitration against Griggs and Ford. DE [88] Further, they argue that Griggs' testimony put his mental state in controversy, and that they are entitled to discovery of the medical records sought.

On the other hand, Griggs takes the position that his medical condition is not central to this action, and that his testimony was not a waiver of his right to privacy with respect to his medical records. DE [89]. Griggs argues further that Defendants mischaracterize his testimony in an effort to create relevance from something that serves collateral purposes at best, as his medical condition has no bearing on the arbitrability of the case. Id.

III.  Disposition of the Motion

    A.  Legal Principles

The scope of permissible discovery, and the standards to be applied to motions to compel discovery, are familiar and are generally agreed upon by the parties. Thus, as of this writing, there is no question but that parties are entitled to discovery of relevant, non-privileged information which "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b). The concept of relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any

4

issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Maresco v. Evans Chemetics, Div. of W.R. Grace & Co., 964 F.2d 106, 114 (2d Cir. 1992); Greene v. City of New York, 2012 WL 5932676, at *3 (E.D.N.Y. 2012). Additionally, information need not be admissible at trial to be discoverable. Barrett v. City of New York, 237 F.R.D. 39, 40 (E.D.N.Y. 2006) (noting that the information sought "need not be admissible at trial to be discoverable").

The broad scope of discovery is not, however, a license to conduct a "fishing expedition" into a parties' documents and other information, Barbara v. MarineMax, Inc., 2013 WL 1952308, at *2 (E.D.N.Y. 2013), and the trial court has "broad latitude to determine the scope of discovery and to manage the discovery process." Perry v. The Margolin & Weintreb Law Group LLP, 2015 WL 4094352, * 2 (E.D.N.Y. 2015) (citations omitted).

Generally, where the plaintiff has put his medical condition at issue in a case, discovery of medical records related to the condition at issue is appropriate. See, e.g. Magee v. Paul Revere Life Ins. Co., 172 F.R.D. 627, 635 (E.D.N.Y. 1997); Vasquez v. Suffolk County Government, 2015 WL 1781531, at *1 (E.D.N.Y. April 20, 2015). However, with respect to mental-health records, the mere suggestion that wrongful conduct by the defendant has caused emotional distress does not necessarily trigger a waiver. See e.g. Sobel v. Community Access, Inc., 2007 WL 2076977, at*1 (S.D.N.Y. July 18, 2007); Greenberg v. Smolka, 2006 WL 1116521, at *6 (S.D.N.Y. Apr. 27, 2006). Where the claims are that the defendant's conduct caused plaintiff to suffer "garden variety" emotional distress, the waiver is not triggered. Sobel, 2007 WL 2076977, at *1.

Making a claim as part of a litigation that a party suffered an injury, is not, standing alone, sufficient to "put the medical condition at issue in the case." See Vasquez v. Suffolk

5

County Government, 2015 WL 1781531, at *1 (E.D.N.Y. April 20, 2015); Carrion v. City of New York, 2002 WL 523398, at *2 (S.D.N.Y. April 8, 2002). In Vasquez, the defendant's statement that he suffered injuries as a result of the encounter with the plaintiff, was not deemed sufficient to put his entire medical condition at issue. Id. Rather the Court held that the medical information provided by defendants in light of those statements was sufficient. Id. Similarly, in Sloniger v. Deja, 2010 WL 5343184, at *5 (W.D.N.Y. December 20, 2010), defendant's medical condition was not at issue where he claimed he could not travel for a deposition based upon his health, but did not otherwise counterclaim or cross-claim against the plaintiffs based upon his medical condition. The Sloniger court reasoned that the medical discovery was not relevant to any claim or defense asserted in the action, and therefore denied the request for such discovery. Id.

  B. The Request for Medical Record Is Denied

This case focuses on a pending arbitration in California. The specific issue before this Court is whether that California arbitration should proceed against the named Plaintiffs. The complaint itself does not address any medical issues, or seek damages for medical injuries sustained as a result of defendant's conduct. Although Griggs admitted at a deposition that he sought mental health treatment for certain conduct by Weiner, Griggs has not put his medical condition at issue in this case. As in Vasquez and Carrion, the mere statement that he suffered mental anguish and treated as a result of defendant's conduct, is not sufficient to put his medical condition at issue in this case.

All discovery in this case must be relevant to the subject matter involved in the pending action. See Federal Rules of Civil Procedure 26(b)(1); Davidson Pipe Co. v. Laventhol and Horwath, 120 F.R.D. 455, 461 (S.D.N.Y. 1988). While Weiner and Griggs argue that such

6

information is directly relevant to their attempt at piercing the corporate veil, this Court disagrees. Defendants had the opportunity to explore the nature of Griggs's mental anguish at his deposition and they did so. Furthermore, given the sensitive nature of the information and the privilege attached, this Court finds that any possible relevance to the information is outweighed by Griggs's expectation of privacy and his lack of a waiver thereof. In addition, Defendants have submitted additional arguments in their papers that obviate the need for this information (namely that Griggs never called the authorities or law enforcement as a result of Weiner's alleged threats), and have failed to provide any persuasive case law that demonstrate their entitlement to the requested additional discovery on the issue of Griggs's mental health.

## CONCLUSION

For the foregoing reasons, Weiner and Wertzberger's motion to compel the discovery of Griggs's mental health records as set forth in Docket Entry [59] and [88] herein is denied.

Dated: Central Islip, New York
October 26, 2015

/s/ Anne Y. Shields
Anne Y. Shields
United States Magistrate Judge