UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MARK GRIGGS, *et al.*,

        Plaintiffs,

        - against –

STEVEN WEINER, *et al.*,

        Defendants.

-------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
13 CV 3885 (KAM) (CLP)

**POLLAK**, United States Magistrate Judge:

    On July 12, 2013, plaintiffs Mark L. Griggs and John J. Ford commenced this action against Steven Weiner,[1] and Stuart Wertzberger, seeking a declaratory judgment and permanent injunction to stop a pending arbitration. Following the filing of the Complaint, Howard Rubinsky filed a motion to intervene on July 25, 2015,[2] which the Honorable Joseph F. Bianco granted on January 28, 2016. (Order dated 1/28/2016).[3] Currently pending before this Court is plaintiffs' motion for sanctions, pursuant to Fed. R. Civ. P. 37(d), based on Mr. Rubinsky's failure to appear for his deposition.

    For the reasons set forth below, the Court respectfully recommends that Mr. Rubinsky's Claim as an intervenor be dismissed.

---

    [1] On November 13, 2018, the Court received notice advising of the possible death of Mr. Weiner. (11/13/2018 Ltr., ECF 180).
    [2] ECF No. 71, filed July 25, 2015.
    [3] ECF No. 107, filed January 28, 2016.

PROCEDURAL BACKGROUND[4]

Following the January 28, 2016 decision granting Mr. Rubinsky's motion to intervene in this action, the Court has had to deal with a number of discovery disputes, including several stemming from Mr. Rubinsky's failure to comply with various discovery requests. The Court notes that at the time Judge Bianco granted the motion to intervene, he explicitly warned Mr. Rubinsky that he was to comply with all discovery orders and not delay discovery because "the action had been going on for some time." (Wilensky Decl.,[5] Ex. A at 12-13).

Unfortunately, thereafter, Mr. Rubinsky failed to appear for a discovery conference on May 31, 2017 set by Magistrate Judge Anne Y. Shields[6] and he failed to produce documents requested by plaintiffs in their First Request for Production of Documents. On June 5, 2017, Judge Shields issued an Order directing Mr. Rubinsky to produce all non-privileged documents in his possession, custody and control no later than July 15, 2017, and warning Mr. Rubinsky that sanctions could be imposed if he failed to comply. (6/5/17 Order[7] at 1-2).

Despite the judge's clear Order, Mr. Rubinsky failed and refused to produce documents, forcing plaintiffs to file yet another motion to compel. (Wilinsky Decl., Ex. C[8]). Although Mr. Rubinsky never responded to plaintiffs' second motion to compel, he did request a 60-day stay of

---

[4] The facts underlying the Complaint and the history of the litigation between the parties is set forth in detail in this Court's Order of November 26, 2019, ECF No. 198 ("11/26/2019 Order") and incorporated by reference. Only those procedural facts necessary to understand this motion for sanctions will be included here.

[5] Citations to "Wilinsky Decl." refer to the Declaration of Thomas B. Wilinsky, Esq., dated Feb. 20, 2020, ECF No. 202-1. Exhibit A to the Wilinsky Decl. is the transcript of proceedings before the Honorable Joseph F. Bianco held on January 28, 2016, ECF No. 202-2.

[6] Mr. Rubinsky also failed to appear for another "in-person" conference scheduled by Judge Shields for November 30, 2017. See Minute Order, November 30, 2017, ECF No. 155.

[7] ECF No. 136.

[8] Exhibit C to the Wilinsky Decl. is a copy of the motion to compel filed on September 1, 2017, ECF No. 202-4.

the case for medical reasons (see ECF No. 159), which the district judge granted on February 9, 2018. Mr. Rubinsky subsequently moved to voluntarily dismiss his claim on the condition that his rights in the action be conveyed to the other defendants. (Rubinsky Ltr. dated 6/8/2018[9]). Plaintiffs did not oppose the motion for voluntary dismissal, except to demand that the withdrawal be "with prejudice;" they argued that his request to transfer his rights should be denied as a "transparent attempt to evade his court-ordered discovery obligations. . . ." (Wilinsky Decl., Ex. E[10] at 5-6). On November 11, 2018, Judge Bianco denied Rubinsky's motion for voluntary dismissal, referring the discovery disputes to Magistrate Judge Shields and holding that Rubinsky could renew his motion once the discovery issues were decided. (Order dated 10/11/18).[11]

On March 8, 2019, the case was reassigned to the Honorable Kiyo A. Matsumoto and the undersigned. This Court held a telephone conference on March 29, 2019 at which defendant Wertzberger, Rubinsky, and plaintiffs' counsel all appeared. On April 9, 2019, this Court entered an Order, directing Mr. Rubinsky to produce all documents responsive to plaintiffs' First Request for Production of Documents[12] by April 16, 2019. The Court also Ordered Mr. Rubinsky to provide documents relating to his claim that he had transferred his interest in the action to Mr. Weiner. (See 4/9/2019 Order[13]).

According to plaintiffs' letter motion of February 20, 2020, Mr. Rubinsky again failed to comply and refused to produce the documents he had been ordered to produce at least twice

---

[9] Attached as Ex. D to the Wilinsky Decl., ECF No. 202-5.
[10] Exhibit E is a copy of plaintiffs' July 13, 2018 letter to the court in response to the June 8, 2018 Rubinsky letter, ECF 202-6.
[11] ECF No. 177, filed October 11, 2018.
[12] This is the same set of document requests that Mr. Rubinsky had been ordered to produce in Judge Shields' Order of June 5, 2017, almost two years earlier.
[13] ECF No. 192.

before. (Pls.' 2/20/2020 Ltr.[14] at 3). Despite the clear Order of Judge Shields, Mr. Rubinsky, proceeding *pro se*, had argued that he would not produce documents which were in the plaintiffs' possession already because of the other defendants' production or because they were produced in the prior litigation filed in this court.[15] (See Pls.' 9/27/2017 Ltr.[16] at 1, 2). This Court reiterated the order to produce these documents.

On January 16, 2020, plaintiffs' counsel served a Notice of Deposition on Mr. Rubinsky, scheduling the deposition for February 11, 2020. (Pls.' 2/20/2020 Ltr. at 3; see also Wilinsky Decl., Ex. H[17]). According to plaintiffs, Mr. Rubinsky failed to appear for his deposition, and his absence was noted on the record. (Id.) Plaintiffs assert that Mr. Rubinsky never sought an adjournment of the deposition, and despite four attempts by plaintiffs' counsel to reschedule the deposition, counsel was unable to reach Mr. Rubinsky. (Id.) Counsel finally sent an email asking Rubinsky to contact counsel as soon as possible to reschedule the deposition; Mr. Rubinsky did not respond to the email, nor could counsel reach Mr. Rubinsky when he tried to call him on February 11, 2020, February 14, 2020, and February 17, 2020. (Id.; see also Wilinsky Decl., Ex. I). According to plaintiffs' counsel, Mr. Rubinsky's telephone number on file with the Court is no longer in service and another phone number Mr. Rubinsky previously had provided went to voicemail. (Id. at 3-4). Although counsel left a message asking Mr.

---

[14] Citations to "Pls.' 2/20/2020 Ltr." refer to plaintiffs' February 20, 2020 letter motion for Rule 37(d) sanctions, ECF No. 202.

[15] As noted in this Court's November 26, 2019 Order, these parties had been involved in a prior lawsuit brought by defendant Weiner, which was dismissed on June 15, 2010, by the Honorable Arthur D. Spatt. See Weiner v. Markham Group LLC and Griggs, No. 09 CV 3521 at *7-8 (E.D.N.Y. June 15, 2010).

[16] Citations to "Pls.' 9/27/2017 Ltr." refer to plaintiffs' reply in support of their motion to compel, dated September 27, 2017, ECF No. 148.

[17] Exhibit H is a copy of the notice of deposition and transmittal email, both dated January 16, 2020, ECF No. 202-9.

Rubinsky to contact counsel, to date, Mr. Rubinsky has not communicated with the plaintiff's firm. (Id. at 4).

Based on Mr. Rubinsky's failure to appear for his deposition and his failure to provide discovery, plaintiffs move for sanctions, seeking to dismiss Mr. Rubinsky's claims with prejudice. Following the filing of the motion for sanctions, this Court issued a scheduling Order, directing Mr. Rubinsky to respond and to appear for a telephone conference scheduled for July 8, 2020. The scheduling Order explicitly warned Mr. Rubinsky that if he failed to appear for the conference, the Court would consider plaintiffs' motion for sanctions to be unopposed. (6/9/2020 Order[18]). As of the date of this Report and Recommendation, Mr. Rubinsky has not responded to plaintiffs' motion for sanctions, nor did he appear at the conference scheduled by the Court.

Accordingly, for the reasons set forth below, the Court recommends that the district court grant plaintiffs' motion for sanctions, in the form of dismissal of Mr. Rubinsky's claims in this action, and that the dismissal be with prejudice.

## DISCUSSION

**A. Legal Standards for Sanctions Under Rule 37**

It is clear that sanctions may be imposed upon a party or counsel who deliberately fails to comply with a court order. See, e.g., United States v. Local 1804-1, Int'l Longshoremen's Ass'n, 44 F.3d 1091, 1096 (2d Cir. 1995); Drywall Tapers, Local 1974 v. Local 530, 889 F. 2d 389, 394 (2d Cir. 1989), cert. denied, 494 U.S. 1030 (1990). Rule 37 of the Federal Rules of Civil Procedure is the primary, though not the exclusive, mechanism for enforcing a court's discovery orders. See World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp., 694 F.3d

---

[18] ECF No. 204.

5

155, 158-59 (2d Cir. 2012). The Rule provides in relevant part that "if a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A).

In Update Art, Inc. v. Modiin Publ'g, Ltd., the Second Circuit described the three purposes behind sanctions under Rule 37:

> First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific deterrents and seek to obtain compliance with the particular order issued. Third, they are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault.

843 F.2d 67, 71 (2d Cir. 1988) (citing National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639 (1976) (per curiam)); see also Southern New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 149 (2d Cir. 2010) (quoting Update Art, Inc. v. Modiin Pub'g, Ltd., 843 F.2d at 71) (describing the functions of Rule 37 sanctions); Cine Forty-Second St. Theatre Co. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1066 (2d Cir. 1979) (noting that the "[h]arshest of all [possible Rule 37 sanctions] are orders of dismissal and default judgment"). As the court in Baba v. Japan Travel Bureau Int'l, Inc., noted: "'[A]ll litigants . . . have an obligation to comply with court orders. When they flout that obligation[,] they . . . must suffer the consequences of their actions.'" 111 F.3d 2, 5 (2d Cir. 1997) (quoting McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988))).

The Rule lists seven possible sanctions, including "striking pleadings in whole or in part," "rendering a default judgment against the disobedient party," and "treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi), (vii). In lieu of or in addition to these

sanctions, the Rule mandates that the court order the disobedient party, its attorney, or both, to pay "the reasonable expenses, including attorney's fees," caused by the failure to comply, unless the court finds the failure "substantially justified" or that "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The listed sanctions are non-exclusive, and the Rule explicitly contemplates that courts will order other sanctions so long as they are just. See Local Union No. 40 of the Int'l Ass'n of Bridge, Structural and Ornamental Iron Workers v. Car-Win Constr., Inc., 88 F. Supp. 3d 250, 262 (S.D.N.Y. 2015).

Sanctions may be imposed under Rule 37 if a party fails to attend his deposition. Fed. R. Civ. P. 37(d)(A)(i). The Rule provides that the court may order sanctions if "[a] party. . .fails, after being served with proper notice, to appear for that person's deposition. . . ." Id. A party's failure to appear at a deposition after being served with a valid notice of deposition is sufficient grounds for Rule 37 sanctions, including dismissal or entry of a default. See Watkins v. Matarazzo, No. 13 CIV 2477, 2016 WL 3351079, at *2 (S.D.N.Y. June 14, 2016) (citing Salahuddin v. Harris, 782 F.2d 1127, 1131 (2d Cir. 1986)). Rule 37(d)(3) specifically provides that the sanctions available for failing to attend a deposition include "rendering a default judgment against the disobedient party" or any other sanction listed under Rule 37(b)(2)(A).

The default judgment sanction is reserved for "clear case[s] . . . where a defendant literally fails to show up for a deposition session." SEC v. Research Automation Corp., 521 F.2d 585, 588–89 (2d Cir. 1975). Cf. Salahuddin v. Harris, 782 F.2d 1127, 1131 (2d Cir. 1986) (holding that default judgment is not a proper sanction where the party physically appears for the deposition, but refuses to answer questions, as the proper next step for that circumstance is to seek an order from the court directing the party to testify). Where a party has failed to appear at multiple depositions and has otherwise failed to participate in discovery, default judgment is

7

especially warranted. See Hoffman v. Scoville, 174 F.R.D. 11, 11–12 (N.D.N.Y. 1997) (citing SEC v. Research Automation Corp., 521 F.2d at 589) (noting that, as the plaintiff had twice failed to appear for a deposition and had otherwise failed to respond to discovery requests, the record supported an entry of default).

A district court has broad discretion to sanction a party for discovery abuses and other litigation misconduct. Gao v. Perfect Team Corp., No. 10 CV 1637, 2014 WL 2465589, at *4 (E.D.N.Y. May 30, 2014); Curcio v. Roosevelt Union Free School Dist., 283 F.R.D. 102, 107 (E.D.N.Y. 2012); see World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp., 694 F.3d at 159 (explaining that "imposing sanctions pursuant to Rule 37 'is within the discretion of the district court and a decision to dismiss an action [or enter default judgment] for failure to comply with discovery orders will only be reversed if the decision constitutes an abuse of that discretion'") (quoting John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc., 845 F.2d 1172, 1176 (2d Cir.1988)).

Among the factors courts consider in determining whether to exercise the discretion to dismiss a claim or to impose another dispositive sanction are: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of non-compliance." Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) (citation and quotation marks omitted). It is particularly important to consider a party's course of conduct throughout the litigation when evaluating willfulness. "Taken out of context, perhaps, any individual incident of discovery misconduct may appear forgivable—especially when framed by some post-hoc excuse that rings of reasonableness." Local Union No. 40 of the Int'l Ass'n of Bridge, Structural and Ornamental Iron Workers v. Car-

8

Win Constr., Inc., 88 F. Supp. 3d at 264.  However, "[w]illful non-compliance is routinely found, for instance, where a party has 'repeatedly failed to . . . produce documents . . . in violation of the district court's orders.'"  Doe v. Delta Airlines, Inc., No. 13 CV 6287, 2015 WL 798031, at *8 (S.D.N.Y. Feb. 25, 2015) (quoting Robertson v. Dowbenko, 443 F. App'x 659, 661 (2d Cir. 2011) (summary order)), aff'd, 672 F. App'x 48 (2d Cir. 2016).

In addition to the four Agiwal factors, courts also regularly consider the extent of any prejudice to the party moving for sanctions.  See Local Union No. 40 v. Car-Win Constr., Inc., 88 F. Supp. 3d at 263 (holding that "real prejudice to a litigant may serve as a compelling consideration in support of dispositive relief," but that "a lack of prejudice should not be given significant weight in the overall analysis").  Although these enumerated factors provide useful guidance, they are not exclusive.  No single factor controls, and it is not an abuse of discretion for a district court to order a dispositive sanction even when not every factor weighs against the party to be sanctioned.  Southern New England Tel. Co v. Global NAPs Inc., 624 F.3d at 144.  "Sanctions must be weighed in light of the full record in the case."  Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d at 1068 (citing National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. at 642).

Entering default judgment or striking a pleading "is a drastic remedy generally to be used only when the district judge has considered lesser alternatives."  Southern New England Tel. Co. v. Global NAPs Inc., 624 F.3d at 144 (internal quotations omitted).  However, the Second Circuit has admonished that "in this day of burgeoning, costly and protracted litigation[,] courts should not shrink from imposing harsh sanctions where . . . they are clearly warranted."  Jones v. Niagara Frontier Transp. Auth., 836 F.2d 731, 734-35 (2d Cir. 1987) (quoting Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d at 1068).  It is up to the trial court

to determine on a case-by-case basis whether a dispositive sanction is appropriate in light of the court's familiarity with the proceedings, the prophylactic, punitive, and remedial purposes of sanctions, and the paramount requirement under Rule 1 and Rule 37 that any order issued must be just.

**B. Analysis**

As demonstrated by the procedural history set forth in some detail herein, this case has been pending for close to seven years, and Mr. Rubinsky has been a party since January 2016, when Judge Bianco granted his motion to intervene. Since that time, and despite the judge's explicit warning to Mr. Rubinsky not to delay the progress of the case, the case has been marked by Mr. Rubinsky's unprecedented and disturbing pattern of delay and failure to comply with the Orders of this Court. Not only did Mr. Rubinsky fail to comply with his obligation to produce discovery, but the plaintiffs have had to ask the court to issue numerous orders in an effort to enforce compliance. On June 5, 2017, Judge Shields ordered Mr. Rubinsky to produce documents, warning that he faced possible sanctions if he did not comply. This Court then issued a second Order on April 9, 2019, directing Mr. Rubinsky once again to produce the same documents, warning that if he failed to comply, he would be precluded from using such documents at trial. Not only did Mr. Rubinsky fail to comply with the June 5, 2017 and the April 9, 2019 Orders, but he failed to appear for two court conferences scheduled before Judge Shields, and he failed to appear before this Court for the July 8, 2020 conference.

As background to the current motion for sanctions based on Mr. Rubinsky's failure to appear for his deposition, the Court notes that "[s]anctions must be weighed in light of the full record in the case." Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d at 1068 (citing National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. at

642). Even though Mr. Rubinsky was proceeding *pro se,* his noncompliance with the Court's discovery orders were clearly willful, in that he "'repeatedly failed to . . . produce documents . . . in violation of the district court's orders.'" Doe v. Delta Airlines, Inc., 2015 WL 798031, at *8 (quoting Robertson v. Dowbenko, 443 F. App'x at 661). The Orders were clear and Mr. Rubinsky was warned repeatedly that he could face sanctions if he failed to comply.

Although Mr. Rubinsky's repeated refusal to provide necessary documents to plaintiffs is not the basis for the current motion, his refusal to appear for his deposition or even communicate with plaintiffs' counsel to schedule a time, coupled with his past noncompliance with this Court's Orders, indicate a total disregard of his obligations under the Federal Rules of Civil Procedure and a lack of interest in pursuing his claims in this matter. Indeed, he expressed a desire to withdraw from the case in his June 8, 2018 letter motion before Judge Bianco, but the judge denied the motion pending resolution of the discovery disputes then pending before Judge Shields. At this point, granting the plaintiffs' motion to dismiss Mr. Rubinsky's claims would not cause prejudice to him and in fact reflects his own wishes as expressed in his letter of June 8, 2018.

Moreover, having delayed resolution of the matter from almost four years while these discovery disputes have been ongoing, and having repeatedly refused to comply with court orders, Mr. Rubinsky's dismissal from the case would be in the interests of justice and judicial efficiency; – without him, the case could finally proceed forward without further motion practice relating to Mr. Rubinsky's repeated obstructions. Meanwhile, to continue with him in the case would likely create additional delay and cause prejudice to the plaintiffs who are eager to resolve the matter.

Accordingly, it is respectfully recommended that Mr. Rubinsky's claims as intervenor be dismissed with prejudice.

CONCLUSION

For the reasons given above, the Court respectfully recommends that plaintiffs' motion for sanctions be granted and that Mr. Rubinsky's claims as intervenor be dismissed with prejudice.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
July 10, 2020

/s/ Cheryl L. Pollak
Cheryl L. Pollak
Chief United States Magistrate Judge
Eastern District of New York