UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X

MARK GRIGGS, et al,

        *Plaintiffs*,

    v.

STEVEN WEINER, et al,

        *Defendants*.

------------------------------------X

**ORDER ADOPTING REPORT AND RECOMMENDATION**

13-cv-3885 (KAM)(CLP)

**KIYO A. MATSUMOTO, United States District Judge:**

        On July 12, 2013, plaintiffs Mark L. Griggs and John J. Ford commenced this action against defendants Steven Weiner[1] and Stuart Wertzberger, seeking a declaratory judgment and permanent injunction to stop a pending arbitration. (ECF No. 1, Complaint ("Compl.") ¶ 1.) The dispute in this case arises from a plan formulated by plaintiffs Griggs and Ford to invest in the development of casinos in Mexico.

        Presently before the court is plaintiffs' motion for summary judgment, which the court referred to Chief Magistrate Judge Cheryl L. Pollak for a Report and Recommendation. (Dkt. Orders 4/1/2021; 7/31/2020.) On August 10, 2021, Judge Pollak

---

[1] On November 13, 2018, the court was advised of the death of Mr. Weiner. (ECF No. 180.) No motion to substitute was filed pursuant to Federal Rule of Procedure 25 and, thus, the court dismisses defendant Weiner. Howard Rubinsky filed a motion to intervene on July 25, 2015, which was granted on January 29, 2016. (ECF No. 107.) On July 31, 2020, the court dismissed with prejudice Mr. Rubinsky's claims as an intervenor in this action. (ECF No. 207.)

1

issued a comprehensive and well-reasoned Report and Recommendation in which she recommended that plaintiffs' motion for summary judgment be granted.  (ECF No. 226, Report and Recommendation ("R&R"), at 1, 49.)  Specifically, after careful review of the extensive record and relevant case law, Judge Pollak recommended that the court issue a permanent injunction enjoining the California arbitration from proceeding against plaintiffs Griggs and Ford, and a declaratory judgment declaring that plaintiffs are not bound by the arbitration provisions contained in the agreements with Callide Partners LLC ("Callide") and Canto Ventures LLC ("Canto") (the "Callide and Canto Agreements").  (*Id.* at 47-49.)  The court assumes familiarity with the factual and procedural history in this case as set forth in the R&R.  (*Id.* at 2-3.)

The R&R notified the parties of the right to file written objections within fourteen (14) days of receipt of the R&R, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).  (R&R at 49.)  Plaintiffs served a copy of Judge Pollak's R&R by email and mail to defendant Wertzberger and filed a declaration of service confirming service on August 11, 2021.  (*See* ECF No. 227, Certificate of Service.)  The period for filing objections has now lapsed, and no objections to the R&R have been filed.

2

In reviewing a R&R, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1)(C).  Where no objection to the R&R has been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record."  *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted)).

Upon careful review of the R&R, the court finds no clear error in Judge Pollak's thorough and well-reasoned R&R and hereby affirms and adopts the R&R as the opinion of the court pursuant to 28 U.S.C. § 636(b)(1).  Specifically, the court agrees with Judge Pollak's conclusion that defendant Wertzberger failed to provide any evidence that plaintiffs dominated Callide and Canto or disregarded the corporate form to commit a fraud or other wrongdoing, and thus failed to raise sufficient facts to warrant a trial on defendant's alter ego theory.  (R&R at 44.)  Moreover, the court agrees that there are no material issues of fact in dispute as to whether plaintiffs Griggs and Ford should be required to arbitrate defendant's claimed breach of the Callide and Canto Agreements because it is undisputed that neither Griggs nor Ford are signatories to the Callide and Canto Agreements in their personal capacities.  (*Id.* at 47.)  Finally,

3

the court agrees that, for substantially the same reasons Judge Pollak recommended issuing a permanent injunction, plaintiffs' motion for a declaratory judgment should be granted. (*Id.* at 48-49.)

Accordingly, for the reasons set forth above and based upon the findings of fact and conclusions of law set forth in the R&R and adopted herein, plaintiffs' motion for summary judgment is granted.  Plaintiffs are granted a permanent injunction enjoining the California arbitration commenced by defendant Weiner and joined by defendant Wertzberger, from proceeding against plaintiffs Griggs and Ford, and a declaratory judgment declaring that plaintiffs are not bound by the arbitration provisions contained in the Callide and Canto Agreements, as discussed in Judge Pollak's R&R.  The Clerk of the Court is respectfully directed to enter judgment in favor of plaintiffs and against defendant Wertzberger and close the case.  Plaintiffs are directed to serve a copy of this Order and the judgment on defendant and file proof of service on ECF within fourteen (14) days of the date of the judgment.

SO ORDERED.

       /s/
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York

Dated:   August 30, 2021
        Brooklyn, New York