```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
```

MARK GRIGGS, et al,

       *Plaintiffs*,

       v.

STEVEN WEINER, et al,

       *Defendants*.

```
-------------------------------------X
```

**ORDER ADOPTING REPORT AND RECOMMENDATION**

13-cv-3885 (KAM)(CLP)

KIYO A. MATSUMOTO, United States District Judge:

       On July 12, 2013, plaintiffs Mark L. Griggs and John J. Ford commenced this action against defendants Steven Weiner[1] and Stuart Wertzberger, seeking a declaratory judgment and permanent injunction to stop a pending arbitration. (ECF No. 1, Complaint ("Compl.") ¶ 1.) The dispute in this case arises from a plan formulated by plaintiffs Griggs and Ford to invest in the development of casinos in Mexico.

       Presently before the court is plaintiffs' motion for summary judgment, which the court referred to Chief Magistrate Judge Cheryl L. Pollak for a Report and Recommendation. (Dkt. Orders 4/1/2021; 7/31/2020.) On August 10, 2021, Judge Pollak

---

[1] On November 13, 2018, the court noted the death of Mr. Weiner. (ECF No. 180.) No motion to substitute was filed pursuant to Federal Rule of Procedure 25 and, thus, the court dismisses defendant Weiner and his estate, if any. Howard Rubinsky filed a motion to intervene on July 25, 2015, which was granted on January 29, 2016. (ECF No. 107.) On July 31, 2020, the court dismissed with prejudice Mr. Rubinsky's claims as an intervenor in this action. (ECF No. 207.)

1

issued a comprehensive and well-reasoned Report and Recommendation in which she recommended that plaintiffs' motion for summary judgment be granted. (ECF No. 226, Report and Recommendation ("R&R"), at 1, 49.) The court assumes familiarity with the factual and procedural history in this case as set forth in the R&R. (*Id.* at 2-3.) Specifically, after careful review of the extensive record and relevant case law, Judge Pollak recommended that the court issue a permanent injunction enjoining the California arbitration from proceeding against plaintiffs Griggs and Ford, and a declaratory judgment declaring that plaintiffs are not bound by the arbitration provisions contained in the agreements with Callide Partners LLC ("Callide") and Canto Ventures LLC ("Canto") (the "Callide and Canto Agreements"). (*Id.* at 47-49.)

      The R&R notified the parties of the right to file written objections within fourteen (14) days of receipt of the R&R, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). (R&R at 49.) Plaintiffs served a copy of Judge Pollak's R&R by email and mail on defendant Wertzberger and filed a declaration of service confirming service on August 11, 2021. (*See* ECF No. 227, Certificate of Service.) Defendant Wertzberger submitted timely objections to the R&R on August 24, 2021. (ECF No. 231, Defendant Wertzberger's Objections to R&R ("Objections").)

A district court reviews those portions of a report and recommendation to which a party has timely objected under a *de novo* standard of review and "may accept, reject, or modify, in whole or in part, the findings or recommendations ..." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo *any part* of the magistrate judge's disposition that has been properly objected to." (emphasis added)).  In contrast to specific objections warranting *de novo* review, "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *New York City Dist. Council of Carpenters v. Allied Design & Constr., LLC*, 335 F. Supp. 3d 349, 351 (E.D.N.Y. 2018) (citations omitted).  The court also may adopt "those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." *DiMartino v. Berryhill*, 327 F. Supp. 3d 533, 535 (E.D.N.Y. 2018).

## DISCUSSION

Because defendant Wertzberger's conclusory objections are general, reiterate his original arguments, or repeat arguments already presented before the magistrate judge, the court need only review the R&R for clear error.  *See Azeez v. City of New York*, No. 16-cv-342 (NGG)(SJB), 2021 WL 3578500, at

3

*2 (E.D.N.Y. Aug. 13, 2021) (If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the [R&R] only for clear error.").

Nonetheless, the court has reviewed the R&R for clear error and *de novo*.  Upon *de novo* and clear error review of the R&R, the court hereby denies defendant Wertzberger's objections and accepts and adopts in its entirety Judge Pollak's thorough and well-reasoned R&R pursuant to 28 U.S.C. § 636(b)(1). Defendant Wertzberger's challenges Judge Pollak's R&R with conclusory objections and does not cite to or refer to any evidentiary support in the record.  (*See generally* Objections.) Instead, defendant Wertzberger recycles his previous argument that defendant should be permitted to pierce the corporate veil because Ford and Griggs are alter egos of the companies.  (*Id.* ¶¶ 5, 22.)  Here, Judge Pollak carefully reviewed the testimony of defendant Wertzberger and plaintiffs and other evidence in the record, to determine whether to disregard the corporate forms of Callide and Canto.  (*See* R&R at 35-43.)  Having concluded that defendant failed to present any evidence suggesting that the corporate formalities were not followed, Judge Pollak found that defendant Wertzberger failed to raise a genuine dispute of material fact on his alter ego theory.  (*Id.* at 43-45.)  This court agrees with Judge Pollak's conclusion that defendant Wertzberger failed to present evidence

4

establishing any factual dispute regarding his alter ego theory. A review of the evidence discussed in the R&R and the record establishes that defendant Werztberger failed to show that Griggs dominated Callide and Canto or disregarded the corporate form to commit a fraud or other wrongdoing. Indeed, defendant Wertzberger fails to cite to *any* evidence in his objections suggesting that the corporate formalities were not observed. (*See generally* Objections.)

Moreover, the court further agrees that there are no material issues of fact in dispute as to whether plaintiffs Griggs and Ford should be required to arbitrate defendant's claimed breach of the Callide and Canto Agreements because it is undisputed that neither Griggs nor Ford are signatories to the Callide and Canto Agreements in their personal capacities. (R&R at 47.) Despite six years of extensive discovery, defendant Wertzberger is unable to provide any evidence showing that plaintiffs were required to arbitrate. Defendant concedes that Griggs did not sign either the Callide Agreement or the Canto Agreement (ECF No. 218-13, Def.'s 56.1 CntrStmt ¶ 11), and there is no dispute that Ford signed the agreements in his capacity as the representative for the manager of both Callide and Canto, and not in his individual capacity. (ECF No. 210-2, Pls.' 56.1 Stmt ¶ 13; Def.'s 56.1 CntrStmt ¶¶ 13, 14.)

5

Moreover, a review of the docket shows that during the time defendants were represented by counsel in the instant action, counsel filed numerous discovery motions that were resolved by the then-assigned Magistrate Judges, and plaintiffs filed declarations indicating that they had produced all discovery in compliance with the demands and court orders. (*See* ECF Nos. 41, 59, 88.)  Indeed, as Judge Pollak notes, defendant Wertzberger, proceeding *pro se*, failed to appear at three discovery conferences held before Judge Shields and never sought any further discovery from plaintiffs.  Accordingly, defendant Wertzberger's failure to provide any evidence from which a jury could find that plaintiffs are signatories of the Callide and Canto Agreements is fatal to his claim that plaintiffs were subject to the arbitration provisions in those agreements. Finally, the court also agrees that, for substantially the same reasons Judge Pollak recommended issuing a permanent injunction and a declaratory judgment, plaintiffs' motion for a permanent injunction and a declaratory judgment should be granted.  (R&R at 48-49.)

Accordingly, for the reasons set forth above and based upon the findings of fact and conclusions of law set forth in the R&R and adopted herein, plaintiffs' motion for summary judgment is granted.  Plaintiffs are granted a permanent injunction enjoining the California arbitration commenced by

6

defendant Weiner and joined by defendant Wertzberger, from proceeding against plaintiffs Griggs and Ford, and a declaratory judgment declaring that plaintiffs are not bound by the arbitration provisions contained in the Callide and Canto Agreements, as discussed in Judge Pollak's R&R.  The Clerk of the Court is respectfully directed to enter judgment in favor of plaintiffs and against defendant Wertzberger and close the case.  Plaintiffs are directed to serve a copy of this Order and the judgment on defendant and file proof of service on ECF within fourteen (14) days of the date of the judgment.

   SO ORDERED.

                                                                       /s/
                                  KIYO A. MATSUMOTO
                                  United States District Judge
                                  Eastern District of New York

Dated:  September 16, 2021
      Brooklyn, New York